#### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
#### DIVISION OF ST. CROIX

| | |
|---|---|
| SHARON NEWTON,<br><br>                          Plaintiff,<br>     v.<br><br>HESS CORPORATION, HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP.,<br><br>                          Defendants. | CASE NO. 1:21-cv-200<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hess Corporation, by its undersigned attorney and signed pursuant to Federal Rule of Civil Procedure 11, hereby files this Notice of Removal of an action brought by Plaintiff Sharon Newton in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-20-CV-893, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Defendant Hess respectfully states as follows:

#### BACKGROUND AND CITIZENSHIP OF PARTIES

On or about 12/3/2020 Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned Sharon Newton v. Hess, et al.; Civil No. SX-20-CV-893 (hereinafter the "Superior Court Action"). See copy attached as Exhibit A. On or about 12/9/2020 Plaintiff filed a First Amended Complaint. See copy attached hereto as Exhibit B. Hess has not yet been joined and served.[1]

---

[1] Hess was purportedly served on March 11, 2021, with Summons (Composite Exhibit A-1), but contends such service is insufficient and/or defective and reserves all defenses of process and service of process.

Plaintiff alleges to be a Citizen of the United States Virgin Islands. No individual Defendant is a citizen or has a principal place of business in the United States Virgin Islands.

## GROUNDS FOR REMOVAL

**This Court Has Original Jurisdiction Based Upon Complete Diversity And The Amount In Controversy Exceeding $75,000.**

"Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000." *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014) (citing 28 U.S.C. § 1332(a)).

Complete diversity exists among the parties. According to Plaintiff's Complaint, Plaintiff is a citizen and resident of St. Croix, United States Virgin Islands. (Amended Cmplt. ¶ 1.) Defendant Hess Corporation is a Delaware corporation whose principal place of business is in the State of New York. (Amended Cmplt. ¶ 2.) Defendant Hess Oil New York Corp. ("HONYC") is a New York corporation with its principal place of business in New York. (Amended Cmplt. ¶ 3.) Thus, the Defendants satisfy 28 U.S.C. § 1332(a)'s diversity of citizenship requirement.

The amount in controversy exceeds $75,000. Here, Plaintiff has alleged to have contracted lung disease as a result of exposure to toxic substances for which Plaintiff is seeking compensatory and punitive damages. (See "Factual Allegations re: the Plaintiff", Amended Cmplt. at ¶¶ 6-18.) Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy certainly exceeds $75,000. Thus, Hess has met its burden to demonstrate a plausible allegation that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Furthermore, the other procedural requirements outlined in 28 U.S.C. § 1446 are met. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed before Hess has been

properly served.[2]  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

Hess respectfully reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the parties to the above-captioned case, and the amount in controversy exceeds $75,000.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hess properly file its Notice of Removal, removing their case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Defendant Hess hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

                Respectfully submitted,

**Wilson Elser Moskowitz Edelman and Dicker LLP**
*Attorneys for Defendant Hess*
200 Campus Drive
Florham Park, NJ 07932
Tel: (973) 624-0800 / Fax: (973) 624-0808

DATED: April 8, 2021        s/ Joseph T. Hanlon
                Joseph T. Hanlon, Esq.
                joseph.hanlon@wilsonelser.com
                VI Bar R2099

---

[2] In addition, it is filed within thirty (30) days of the purported service on Hess.  See n. 1, supra.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record and caused a copy of this document to be served upon the following via email:

The Pate Law Firm
*Attorneys for Plaintiff*
J. Russell B. Pate, Esq.
pate@sunlawvi.com
sunlawvi@gmail.com
PO Box 370
Christiansted, VI 00821

Burns Charest LLP
*Attorneys for Plaintiff*
Korey Nelson, Esq.
knelson@burnscharest.com
H. Rick Yelton, Esq.
ryelton@burnscharest.com
mhenry@burnscharest.com
365 Canal Street, Ste. 1170
New Orleans, LA 70130

Burns Charest LLP
*Attorneys for Plaintiff*
Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
jsoyka@burnscharest.com
900 Jackson Street, Ste. 500
Dallas, TX 75202

s/ Joseph T. Hanlon